IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANCA SOOS and JON SOOS,
wife and husband,

    Plaintiffs,

v.                                            Civil Action No. 5:08CV163
                                                                     (STAMP)
KMART CORPORATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

I. Background

Plaintiffs Franca Soos and her husband, Jon Soos, filed a complaint against defendant Kmart Corporation ("Kmart") in the Court of Hancock County, West Virginia. According to the complaint, plaintiff Franca Soos was injured on the premises of Kmart Corporation's Kmart Store, located at 250 Three Springs Drive, Weirton, Hancock County, West Virginia, while she was walking through the store and fell over a wooden crate. The plaintiffs allege that the fall resulted from the defendant's negligence in failing to inspect and maintain the area of the fall in a safe manner and to remedy a dangerous situation in the area of the fall. The complaint also states a claim for plaintiff Jon Soos's loss of his wife's consortium. As relief, the plaintiffs seek compensatory damages, with pre- and post-judgment interest.

Kmart removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Thereafter, the plaintiffs filed a motion to remand to which the defendant responded and the plaintiffs replied.

This Court has considered the motion to remand and the response and reply thereto and concludes that because the defendant has failed to establish that the amount in controversy meets the jurisdictional threshold, subject matter jurisdiction is lacking in this case, and therefore, the plaintiffs' motion to remand must be granted.

## II. Legal Standard

When a defendant seeks to remove a case from state court to a federal district court pursuant to 28 U.S.C. § 1441(a), the federal court must be able to exercise original jurisdiction over the matter. See 28 U.S.C. § 1441(a)(1). Under 28 U.S.C. § 1332(a), the federal district courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

A defendant wishing to remove a case to federal court based upon § 1332 must offer "competent proof" that the jurisdictional requirements are met. See Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997). This proof must be by a preponderance of the evidence. See, e.g., Singer v. State Farm Mut. Auto. Ins., 116 F.3d 373, 377 (9th Cir. 1997). "To satisfy this burden, a defendant must offer more than a bare allegation

that the amount in controversy exceeds $75,000.00." Sayre v. Potts, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999). If federal jurisdiction is doubtful, remand is necessary. See Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

Although courts strictly construe the statute granting removal jurisdiction, see Doe v. Allied Signal, Inc., 95 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiffs' complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiffs' cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. See 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. See Chase, 110 F.3d at 428.

The Supreme Court of Appeals of West Virginia has stated that "the value of a lawsuit is not determined definitively by the ad damnum clause." State ex rel. Strickland v. Daniels, 318 S.E.2d 627, 631 (W. Va. 1984). The ad damnum clause is only an estimate of the relief to which the plaintiff is entitled, and "the

3

[p]laintiff is not restricted or bound by the relief requested." Gillespie v. Brewer, 602 F. Supp. 218, 223 (N.D. W. Va. 1985). Further, Federal Rule of Civil Procedure 54(c) states: "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

III. Discussion

The parties in this action do not dispute diversity of citizenship. The only matter in dispute is whether the jurisdictional minimum amount in controversy is met.

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins

4

v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

The defendant argues that although the plaintiffs have not asserted a specific amount of relief sought in their complaint, the defendant has demonstrated the jurisdictional amount because the claims the plaintiffs assert include compensation for medical expenses, which at the time of remand totaled approximately $30,000.00 for Franca Soos's injuries, some of which the plaintiffs have alleged will require future treatment, thus entailing additional medical costs. Moreover, the defendant points to a previous settlement demand by the plaintiffs which offered to settle the case for $250,000.00. The defendant argues that the proposed settlement amount, the currently ascertained medical expenses, and the claimed but as yet unknown damages sought for future medical costs establish that the amount in controversy exceeds the jurisdictional minimum.

In reply, the plaintiffs have filed an affidavit stating that they are willing to accept $75,000.00 for all of their claims, notwithstanding their previous settlement demand of $250,000.00. Although the defendant has not sought to file a surreply to the affidavit, this Court observes that to be operative, a disclaimer

5

must be "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001)(emphasis added). Nevertheless, after careful consideration of the briefs filed in support and in opposition of the plaintiffs' motion to remand, this Court finds that the defendant has not met its burden of proof with regard to the amount in controversy. The defendant's removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The settlement demand represents an amount the plaintiffs would be willing to accept. It may or may not be a realistic estimation of the actual amount in dispute, however, because it does not necessarily indicate that the plaintiffs would be unwilling to accept a lower amount, particularly in light of the plaintiffs' subsequent--if non-binding--representation to this Court that they are willing to accept $75,000.00 to settle their claims. At the time of removal, the amount of damages involved were estimated to be approximately $30,000.00, which is far below the jurisdictional minimum. Given the record presently before this Court, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00.

Considering all of the evidence, this Court finds that the defendant has not shown by a preponderance of the evidence that the

plaintiffs will recover damages in excess of the jurisdictional minimum.  Therefore, the plaintiffs' motion to remand must be granted.  Nothing prevents the defendant from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable, assuming that more than one year has not passed since the commencement of the action.  28 U.S.C. § 1446(b).

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is hereby GRANTED.  It is ORDERED that this case be REMANDED to the Circuit Court of Hancock County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Hancock County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 26, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE